UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
PRINCETON EXCESS AND                )
SURPLUS LINES INSURANCE,            )
                                    )
                Plaintiff,          )
                                    )
       v.                           )    Civil Action No. 24-1657 (ABJ)
                                    )
LEXICON TITLE                       )
SERVICES, LLC, et al.,              )
                                    )
                Defendants.         )
_____ )
```

**MEMORANDUM OPINION & ORDER**

In this insurance coverage action, plaintiff Princeton Excess and Surplus Lines Insurance Company ("Princeton Excess") sued Lexicon Title Services, LLC ("Lexicon"), Deidre Brown, Doma Title Insurance, Inc. ("Doma"), and Rehabit DC, LLC ("Rehabit") seeking a declaratory judgment regarding an insurance policy it issued to Lexicon. Compl. [Dkt. # 1] ¶ 1. Lexicon purchased a professional liability insurance policy from Princeton Excess covering the period between May 15, 2023 and May 15, 2024. Compl. ¶ 11; Ex. 1 to Compl. [Dkt. # 1-3] ("Insurance Policy") at 4. During that period, defendants Doma and Rehabit brought an action against Lexicon and its sole member, Brown, for breach of contract, negligence, fraud, and trover, *see Doma Title Ins., Inc. v. Lexicon Title Servs., LLC*, Civ. Action No. 24-41 (D.D.C. Jan. 5, 2024) ("underlying action"). Compl. ¶ 3. As Lexicon's insurer, Princeton Excess attempted to contact Lexicon and Brown several times in order to defend them against the underlying action, but neither has ever responded. Compl. ¶ 4.

In this case, Princeton Excess is seeking a declaration that it does not owe Lexicon or Brown a duty to defend or indemnify them in the underlying action because of their failure to assist

and cooperate with the investigation and potential defense. Compl. ¶ 2. Princeton Excess also named Doma and Rehabit in this suit "as parties potentially interested in the declaratory relief sought." Compl. ¶ 3.

Doma and Rehabit are indeed interested in this litigation, and pending before the Court is their motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Defs, Doma & Rehabit Mot. to Dismiss [Dkt. # 8] ("Mot."). The motion has been fully briefed. Pl.'s Opp. to Mot. [Dkt. # 14] ("Opp."); Reply to Opp. [Dkt. #15] ("Reply").

For the reasons stated below, the motion to dismiss is **DENIED.**

## BACKGROUND

Princeton Excess is a New Jersey-based insurance company that issued a "Miscellaneous Professional Liability Insurance Policy" to Lexicon covering the period from May 15, 2023 to May 15, 2024. Compl. ¶ 11; Insurance Policy at 4. The policy provided professional liability coverage to Lexicon, and its partners, officers, and employees, "with respect to their activities within the scope of their duties in their capacity as such." Compl. ¶ 12, quoting Insurance Policy at 13. As one of the conditions of the policy, Lexicon was required to "cooperate and assist" Princeton Excess in defending against litigation. Compl. ¶ 13. In a section entitled "Assistance And Cooperation," the policy provides:

> The Insureds shall cooperate with the Company and provide to the Company all information and assistance which the Company reasonably requests, including:
>
> 1. Attending hearings, depositions and trials;
>
> 2. Assistance in effecting settlements;
>
> 3. Securing and giving evidence;
>
> 4. Obtaining the attendance of witnesses; and
>
> 5. Assisting the defense of any Claim covered by this policy.

> An Insured will do nothing that in any way increases the Company's exposure under this policy or in any way prejudices the Company's potential or actual rights of recovery.
>
> Failure to cooperate with the Company in the defense of a Claim or in the investigation of a Claim is a breach of this policy and will result in loss of coverage.

Insurance Policy at 13 (emphasis omitted).

On February 22, 2024, Princeton Excess received notice that Lexicon and its sole member, Deirdre Brown, had been sued by Doma and Rehabit. Compl. ¶ 16; Ex. 2 to Compl. [Dkt. # 1-4] at 7. According to the complaint in that action, Lexicon was a "limited agent for the purposes of issuing title insurance underwritten by Doma," and it conducted the closing of a property purchased by Rehabit. Compl., Civ. Action No. 24-41 [Dkt. # 1] ("*Doma* Compl.") ¶¶ 8, 20.[1] The property Rehabit purchased was encumbered by a deed of trust for $154,800, and as part of the closing, Lexicon issued a "Combined Final Settlement Statement" stating that it used $199,505.60 of the amount tendered by Rehabit to pay off the deed of trust. *Doma* Compl. ¶¶ 10, 12–14. But the servicer for the deed of trust later notified Doma that it was never paid off, and that the balance had accumulated to $250,931.05. *Doma* Compl. ¶ 16. Lexicon and Brown had allegedly absconded with the money they were supposed to use to pay off the deed, and Doma and Rehabit then sued them in a four-count complaint alleging breach of contract against Lexicon; negligence against Lexicon and Brown; fraud against Lexicon and Brown; and trover and conversion against Brown. *Doma* Compl. ¶¶ 17, 24–54.

---

[1] "In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may take judicial notice of public records from other proceedings." *Youkelsone v. Fed. Deposit Ins. Corp.*, 910 F. Supp. 2d 213, 221 (D.D.C. 2012), citing *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

On February 28, 2024, Princeton Excess received the contact information for Lexicon, which was comprised of:

> Deirdre P. Brown, J.D.
> President
> LEXICON TITLE SERVICES LLC
> 5335 Wisconsin Ave., NW Suite 440
> Washington, DC 20015
> Office: (202) 221-7481 x101
> Fax: (202) 221-7679
> dbrown@LexiconTitle.com

Compl. ¶ 16, citing Ex. 2 at 2.  The same day, it emailed Brown to schedule a phone call to discuss the suit brought by Doma and Rehabit.  Compl. ¶ 17; Ex. 3 to Compl. [Dkt. # 1-5] at 2.  Brown did not answer, Compl. ¶ 17, and over the next two-and-a-half months, Princeton made several more attempts to make contact with Lexicon and Brown as the suit against them progressed:

| | |
|---|---|
| Feb. 29, 2024 | Princeton Excess emailed Brown again.  Ex. 4 to Compl. [Dkt. # 1-6] at 2.  It also called Lexicon at the number provided and left a voicemail advising it of the lawsuit and requesting a call back to discuss.  Compl. ¶ 18. |
| Mar. 5, 2024 | Princeton Excess emailed Brown again.  Ex. 5 to Compl. [Dkt. # 1-7] at 2.  It also called Lexicon and left another voicemail.  Compl. ¶ 19. |
| Mar. 14, 2024 | Princeton Excess emailed Brown again.  Ex. 6 to Compl. [Dkt. # 1-8] at 2.  It also called Lexicon and left another voicemail.  Compl. ¶ 20.  Princeton Excess also called and left another voicemail at a phone number it obtained from www.houzeo.com that it believed may have belonged to Brown or Lexicon.  Compl. ¶ 20. |
| Mar. 25, 2024 | Doma and Rehabit's complaint was served on Lexicon, and the deadline for it to respond was set for April 8, 2024.  Return of Serv. Aff., Civ. Action No. 24-41 [Dkt. # 6].  On the same day, Doma and Rehabit filed a notice that defendant Brown had filed for bankruptcy in the United States Bankruptcy Court for the District of Columbia ("Bankruptcy Court").  Suggestion of Bankruptcy, Civ. Action No. 24-41 [Dkt. # 7] at 1. |

4

| | |
|---|---|
| Mar. 27, 2024 | Princeton Excess learned that Lexicon had been served with the complaint, and it learned the identity of Brown's bankruptcy counsel, Cathy Braxton. Compl. ¶ 21. |
| Mar. 28, 2024 | Princeton Excess called Braxton and informed her of the lawsuit against Lexicon and Brown. Compl. ¶ 22. It requested Brown's contact information, but Braxton advised that she would not provide the information without first obtaining consent from Brown. Compl. ¶ 22. Braxton agreed to provide Princeton Excess's contact information to Brown. Compl. ¶ 22. The same day, Princeton Excess forwarded Braxton a copy of the lawsuit via email, and it advised her of the April 8 deadline to respond to the complaint. Ex. 7 to Compl. [Dkt. # 1-9] at 2. |
| Apr. 1, 2024 | Princeton Excess emailed a Reservation of Rights and Cooperation Notice to Brown and Braxton. Ex. 8 to Compl. [Dkt. # 1-10] at 2. It also mailed the notice to the address provided for Lexicon. *Id*. at 11.<br><br>The notice advised Lexicon and Brown that additional information was needed in order to answer Doma and Rehabit's complaint by the April 8 deadline. *Id.* at 12. It also explained that "Lexicon's and Ms. Brown's failure to provide information . . . threaten[ed] to prejudice [Princeton Excess]'s ability to investigate and defend the Lawsuit and any associated coverage implications." *Id*. |
| Apr. 2, 2024 | Princeton Excess sent another email to Brown regarding the lawsuit, with a copy to Braxton. Ex. 9 to Compl. [Dkt. # 1-11] at 2. It also called and left another voicemail for Lexicon. Compl. ¶ 24. |
| Apr. 3, 2024 | Princeton Excess issued a second Reservation of Rights and Cooperation Notice to Brown and Braxton via email, and to Lexicon via mail. Ex. 10 to Compl. [Dkt. # 1-12] at 2. It also mailed a copy to the address Brown had listed in her bankruptcy proceeding. *Id.* at 13, 27. |
| Apr. 4, 2024 | Princeton Excess emailed Brown and Braxton again, and it called and left another voicemail for Lexicon. Compl. ¶ 26, citing Ex. 12 to Compl. [Dkt. # 1-14] at 2. |
| Apr. 5, 2024 | Princeton Excess emailed Brown and Braxton again, this time requesting a current mailing address and updated contact information for Lexicon and its authorized |

5

|  |  |
|---|---|
|  | representative. Compl. ¶ 27, citing Ex. 13 to Compl. [Dkt. # 1-15] at 2. It also called Lexicon again and left a voicemail. Compl. ¶ 27. |
| Apr. 8, 2024 | Doma and Rehabit filed a motion in the underlying complaint, asking that the defendants be granted an extension of time to respond. Pls.' Mot. to Extend Deadline to Answer Compl., Civ. Action No. 24-41 [Dkt. # 8] at 1. The motion explained that Doma and Rehabit had been contacted by a lawyer who "indicated that she [was] likely to represent Defendants in this action but has not finalized her engagement nor had sufficient time to review the Complaint." *Id.* The court granted the motion and extended defendants' deadline to May 8. Minute Order, Civ. Action No. 24-41 (Apr. 8, 2024). |
| Apr. 10, 2024 | Princeton Excess called Lexicon to inform it about the extension, but it encountered an automated message stating that the number was temporarily unavailable. Compl. ¶ 28. Princeton Excess then called Braxton and left her a voicemail explaining the extension of time and requesting current contact information for Brown. Compl. ¶ 28. It also emailed Braxton the same. Compl. ¶ 28, citing Ex. 14 to Compl. [Dkt. # 1-16] at 2. |
| Apr. 11, 2024 | Princeton Excess called Lexicon again and got the same automatic message. Compl. ¶ 29. It also emailed Brown to request the current contact information for her or an authorized representative of Lexicon. Compl. ¶ 29. |
| Apr. 16, 2024 | Princeton Excess called Lexicon again and got the same automatic message. Compl. ¶ 30. It also emailed Brown again. Compl. ¶ 30, citing Ex. 15 to Compl. [Dkt. # 1-17] at 2. |
| Apr. 17, 2024 | Princeton Excess mailed its previously issued Reservation of Rights and Cooperation Notice to Lexicon again. Compl. ¶ 31, citing Ex. 16 [Dkt. # 1-18]. |
| Apr. 24, 2024 | Princeton Excess attempted to call Lexicon again and got the same automatic message stating the number was unavailable. Compl. ¶ 32. |
| Apr. 25, 2024 | Princeton Excess emailed a third Reservation of Rights and Cooperation Notice to Brown and Braxton, and it mailed a |

|  |  |
|---|---|
|  | copy to Lexicon's address, Brown's address, and Braxton. Compl. ¶ 33, citing Ex. 17 to Compl. [Dkt. # 1-19] at 2, 16. |
| May 2, 2024 | Princeton Excess called Lexicon and emailed Brown again. Compl. ¶ 34, citing Ex. 18 to Compl. [Dkt. # 1-20] at 2. |
| May 3, 2024 | Princeton Excess called Lexicon and got the same temporarily unavailable message. Compl. ¶ 35. It also issued a fourth Reservation of Rights and Cooperation Notice via email to Brown and via mail to Lexicon's address and Brown's address. Compl. ¶ 35, citing Ex. 19 to Compl. [Dkt. # 1-21] at 2, 17. Princeton Excess did not provide a copy to Braxton because she had advised that she was not representing Brown in the underlying action and did not want to be contacted. Compl. ¶ 35. |
| May 8, 2024 | Lexicon and Brown, through counsel, filed a consent motion to extend their time to respond to Doma and Rehabit's complaint. Consent Mot. to Extend Defs.' Time to Resp. to Pls.' Compl., Civ. Action No. 24-41 [Dkt. # 11]. The motion explained that defendant Brown's bankruptcy case had been dismissed, and that "[u]ndersigned counsel are likely to represent the Defendants in this action but have not been able to finalize the engagement." *Id.* at 1. It noted too that "[u]ndersigned counsel are specially appearing on behalf of Defendants." *Id.* The Court granted the motion and extended the deadline to June 7. Minute Order, Civ. Action No. 24-41 (May 8, 2024). |
| May 9, 2024 | Princeton Excess emailed Brown to advise her of the extension of time, and asked again for contact information for an authorized individual with Lexicon. Compl. ¶ 36, Ex. 20 to Compl. [Dkt. # 1-22] at 2. |
| May 17, 2024 | Princeton Excess called Lexicon again, and it emailed Brown reiterating its request for additional information in order to file a response to Doma and Rehabit's complaint by the June 7 deadline. Compl. ¶ 37, citing Ex. 21 to Compl. [Dkt. # 1-23] at 2.<br><br>On the same day, it mailed a fifth Reservation of Rights and Cooperation Notice to Lexicon and to Brown. Compl. ¶ 38, citing Ex. 22 to Compl. [Dkt. # 1-24] at 2. The notice contained a paragraph highlighted in yellow: |

7

> "Please be advised that the Court has extended the deadline to file an Answer to the Lawsuit until June 7, 2024. [Princeton Excess] reiterates that in order to participate in Lexicon's and Ms. Brown's defense and to investigate the Lawsuit, [Princeton Excess] requires additional information from Lexicon and Ms. Brown. This includes, but is not limited to, information necessary to file an Answer to the Lawsuit by the June 7, 2024 deadline. [Princeton Excess] reminds Lexicon and Ms. Brown of their obligation to cooperate with [Princeton Excess] in defense and investigation of the Lawsuit, as set forth more fully below. Lexicon's and Ms. Brown's failure to provide information to [Princeton Excess] threatens to prejudice [Princeton Excess]'s ability to investigate and defend the Lawsuit and any associated coverage implications. To that end, kindly contact me immediately . . . during standard business hours . . . ."
>
> *Id.* at 2. The insurer detailed the attempts it made to get in contact with Lexicon and Brown. *Id*. at 3–6. And it concluded:
>
> "[Princeton Excess] agrees to participate in Lexicon Title's defense of the Claim, subject to a complete and full reservation of rights. [Princeton Excess] reserves its right to withdraw from the defense, with or without seeking a judicial declaration, in the event there are no covered allegations or Lexicon and/or Ms. Brown fail to satisfy the Policy's conditions. In that circumstance, [Princeton Excess] also reserves the right to limit or deny any duty to indemnify."
>
> *Id.* at 8 (emphasis omitted).

| | |
|---|---|
| June 6, 2024 | Lexicon and Brown, through the same counsel as before, filed another consent motion to extend their time to respond to Doma and Rehabit's complaint. Consent Mot. to Extend Defs.' Time to Resp. to Pls.' Compl., Civ. Action No. 24-41 [Dkt. # 13]. The motion explained again that "undersigned counsel are likely to represent the Defendants in this action but have not been able to finalize the engagement." *Id.* at 2. The Court granted the motion and extended their deadline to July 7. Minute Order, Civ. Action No. 24-41 (June 6, 2024). |

After all of that, Princeton Excess filed the instant suit against Lexicon, Brown, Doma, and Rehabit on June 6, 2024, *see* Compl., and Rehabit and Doma were served on July 8, 2024. Return

8

of Serv. Aff. [Dkt. # 5]; Return of Serv. Aff. [Dkt. # 6]. On that date, Lexicon and Brown filed a consent motion to stay in the underlying action pending resolution of Princeton Excess's declaratory judgment action. Consent Mot. to Stay Matter Pending Resolution of Declaratory J. Action, Civ. Action No. 24-41 [Dkt. # 17] ("*Doma* Consent Mot."); Mem. in Supp. of *Doma* Consent Mot., Civ. Action No. 24-41 [Dkt. # 18] ("*Doma* Consent Mem.").[2] The Court granted the motion, and it stayed Doma and Rehabit's lawsuit. Minute Order, Civ. Action No. 24-41 (July 9, 2024).

Lexicon and Brown were served in this case on June 14, 2024 and October 8, 2024. Return of Serv. Aff. [Dkt. # 9]; Aff. Verifying Serv. [Dkt. # 21]. Since neither has responded or otherwise entered the lawsuit, Princeton Excess sought and obtained an entry of default, and it has moved for a default judgment against both. Pl.'s Mot. for Entry of Default & Declaratory J. [Dkt. # 26] ("Mot. for Default J."). Doma and Rehabit have opposed that motion too, Defs.' Doma & Rehabit's Opp. to Mot. for Default J. [Dkt. # 27], and it will be the subject of a separate order.

## STANDARD OF REVIEW

### I. Motion to Dismiss

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. And

---

2   Again, the motion explained that counsel for Lexicon and Brown were specially appearing on behalf of defendants. *Doma* Consent Mem. at 1, 5.

9

"[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court "must treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial

notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

Doma and Rehabit have moved to dismiss on the following grounds: (1) the complaint lack facts sufficient to allege that Lexicon and Brown are noncooperative, and therefore Princeton Excess still has the duty to defend them; (2) Princeton Excess has failed to establish that Lexicon and Brown's lack of cooperation will prejudice its defense; and (3) declaratory judgment would be premature because Princeton Excess's "attempt to take itself out of the equation will place the injured parties of the [u]nderlying [a]ction in an unjust and inequitable position." Mot. at 4–8.

The motion to dismiss correctly summarizes, *see* Mot. at 4, but then disregards the standard that applies to a complaint for declaratory relief at the motion to dismiss stage. The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). The statute limits the court's authority to cases of "actual controversy," so the question of whether "allegations are sufficient to entitle [plaintiff] to the declaratory relief prayed in its complaint" depends on whether "such a controversy exists." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941). An actual controversy exists where, "under all the circumstances, . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273. "The controversy must be definite and concrete," involving "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be

11

upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937).

The Declaratory Judgment Act states that courts "may" declare the rights of an interested party. Thus, even when a suit satisfies the "actual controversy" requirement, the court retains discretion to determine whether and when to entertain the action. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (explaining that the text of the statute "has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants'"). In the D.C. Circuit, courts typically rely on two criteria to determine whether a suit for declaratory judgment should move forward: 1) whether the judgment will serve a useful purpose in clarifying the legal relations at issue, and 2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Glenn v. Thomas Fortune Fay*, 222 F. Supp. 3d 31, 36 (D.D.C. 2016), citing *President v. Vance,* 627 F.2d 353, 364 n.76 (D.C. Cir. 1980).

The Court finds that the complaint states a plausible claim for declaratory relief. The controversy between the parties is concrete: Lexicon and Brown have been sued for conduct related to Lexicon's professional title services, and, under the terms of the insurance policy, Princeton Excess would ordinarily be required to defend and indemnify them. Compl. ¶¶ 3, 11–13. Despite the insurer's numerous attempts to contact Lexicon and Brown, it has received no response and no other cooperation in defending the suit, and now it wants a legal determination clarifying whether the non-responsiveness violates a condition of the insurance policy that would absolve Princeton Excess of the duties it would otherwise have with respect to the underlying action under the policy. Compl. ¶¶ 17–38; Insurance Policy at 13. This means that all parties in this litigation have a real interest in its outcome.

Judgment in this case will also clarify the legal relationships between all the parties involved.  A declaratory judgment in favor of Princeton Excess would relieve it of its obligations to provide coverage to Lexicon and Brown, and clarify whether Doma and Rehabit could seek monetary recovery from it, should they succeed in the underlying action.  And the declaration would further afford Princeton Excess relief from uncertainty by establishing whether or not it must continue to defend Lexicon and Brown in the underlying action.

Doma and Rehabit's motion is largely devoted to attacking the sufficiency of the allegations concerning plaintiff's attempts to contact Lexicon and Brown, and whether the facts alleged overcome the duty to defend or indemnify as a matter of law.  Mot. at 4–7.  But the focus of a motion to dismiss a complaint for declaratory judgment is "whether the plaintiff is entitled to a declaration of rights, not . . . whether it is entitled to a declaration in its favor."  26 C.J.S. Declaratory Judgments § 152; 22A Am. Jur. 2d Declaratory Judgments § 162 ("Generally, the test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree the plaintiff seeks but whether the plaintiff is entitled to a declaration of rights at all.").  The Court has determined that the allegations present an actual controversy between the parties, and that declaratory relief one way or the other is warranted.  That is enough to survive a motion to dismiss, and Doma and Rehabit have briefed and will be heard on what the facts show concerning the insurer's duty to defend and indemnify in connection with the motion for default judgment

The movants' concern that a ruling at this time would be "unjust" and "inequitable," *see* Mot. at 8, does not call for a different outcome.  "Insurance coverage issues are commonly resolved in declaratory judgment actions."  *Keene Corp. v. Ins. Co. of N. Am.*, 667 F.2d 1034, 1040 n.8 (D.C. Cir. 1981); *see Hepburn v. Penn. Indem. Corp.*, 109 F.2d 833, 833 (D.C. Cir. 1939) ("[T]he

13

Declaratory Judgment Act may furnish a convenient and appropriate remedy for use in many cases where a controversy has arisen over the coverage of an automobile liability insurance policy."). Insurers who owe a duty to defend or indemnify often seek declarations of nonliability even prior to the initiation of the suit they are to defend, and courts often find "sufficient 'immediacy and reality' in this situation to warrant the issuance of declaratory judgment." *Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 670 F. Supp. 424, 429 (D.D.C. 1987), citing *Haworth*, 300 U.S. at 244 and *Maryland Casualty Co.*, 312 U.S. at 273–74; *see* Application of Declaratory J. Acts to Questions in Respect of Ins. Pol'ys, 142 A.L.R. 8 ("[I]t has been held or conceded in numerous cases that an insurer is entitled to be advised by means of a declaratory judgment whether or not it is obligated to defend and indemnify the insured against claims upon which suits are threatened or have already been brought.").

Doma and Rehabit state summarily that they will be prejudiced if Princeton Excess is allowed to pursue a declaratory judgment, but circumstances indicate that if this suit were stayed, Princeton Excess would have to defend Lexicon and Brown in the underlying action, with the question of whether it was actually obligated to do so to be decided after it has already expended its resources. Moreover, it was Doma and Rehabit's own preference to let the coverage action proceed first; after the insurer filed suit, Doma and Rehabit agreed to stay the underlying action pending the resolution of this case. *See Doma* Consent Mot. at 1; Mem. in Supp. of *Doma* Consent Motion. at 1.

## CONCLUSION

For all the reasons stated above, the Court finds that the complaint states a claim that Princeton Excess is entitled to a declaration of rights and the motion to dismiss [Dkt. # 8] is **DENIED**.

AMY BERMAN JACKSON
United States District Judge

DATE: February 10, 2026